Case 4:24-cv-00901   Document 31   Filed on 09/19/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ESPINOZA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:24-cv-00901 |
| | § | |
| GCE SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Robert Gonzales, Jr. ("Gonzales") and GCE Services, LLC ("GCE") (collectively, "Defendants") move to dismiss this Fair Labor Standards Act ("FLSA") case. *See* Dkt. 22. Gonzales seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and alternatively, under Rule 12(b)(6) for failure to state a claim. GCE seeks dismissal solely under Rule 12(b)(6). Because Plaintiff Juan Espinoza ("Espinoza") lacks constitutional standing to bring this case against Gonzales, but otherwise states an FLSA claim against GCE, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Espinoza alleges he worked for Defendants as a licensed plumbing apprentice from August 2020 to October 2022. Espinoza alleges that Defendants did not pay him time-and-a-half for overtime hours, as the FLSA requires. Espinoza further alleges that GCE "willfully and knowingly filed false and fraudulent information forms such as W-2s or 1099s that underreported [Espinoza's] earned wages" in violation of the FLSA.[1] Dkt. 2 at 6.

---

[1] Espinoza brings his FLSA overtime claim "on behalf of himself and all other individuals similarly situated." Dkt. 2 at 1. He also "seeks class action status for similarly situated employees who [received false or fraudulent information from GCE]." *See id.* at 7.

## LEGAL STANDARDS

A.     RULE 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a district court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up). "Standing is a component of subject matter jurisdiction." *Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 627 (5th Cir. 2021) (quotation omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

B.     RULE 12(b)(6)

Dismissal is appropriate where a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To avoid dismissal, a plaintiff need only make "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

A.     ESPINOZA LACKS STANDING TO SUE GONZALES.

Gonzales argues, under Rule 12(b)(1), that this court lacks subject matter jurisdiction over him because Espinoza has failed to demonstrate that he has standing to bring his FLSA claim against Gonzales. This argument presents a perfect opportunity to review the standing doctrine.

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Article III standing has three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61 (cleaned up). As the party invoking this court's jurisdiction, Espinoza bears the burden of establishing these three elements. *See id.* at 561.[2]

Challenges to subject matter jurisdiction under Rule 12(b)(1) come in two forms: factual attacks and facial attacks. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). A "facial" attack is based only on the pleadings. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "An attack is 'factual' rather than 'facial' if the defendant submits affidavits, testimony, or other evidentiary materials." *Superior MRI*, 778 F.3d at 504 (quotation omitted). With factual attacks, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (quotation omitted). "To defeat a factual attack, a plaintiff must prove the existence of subject-

---

[2] Article III standing is different from statutory standing. "Unlike Article III standing, statutory standing is not jurisdictional. Instead, it asks the merits question of whether or not a particular cause of action authorizes an injured plaintiff to sue." *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 666 (5th Cir. 2020) (cleaned up). Further, "[u]nlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of . . . statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011). To be clear, Article III standing is at issue in this case. Espinoza's statutory standing to bring his claims for unpaid overtime under the FLSA is not at issue.

matter jurisdiction by a preponderance of the evidence and is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Superior MRI*, 778 F.3d at 504 (quotation omitted).

Gonzales brings a factual attack on subject matter jurisdiction, arguing that Espinoza cannot satisfy the second element of Article III standing: causation. Gonzales attached an affidavit to his motion to dismiss, stating in relevant part:

> 4) I was a 30% member of GCE . . . from April 3, 2019 to approximately September 30, 2022.
>
> 5) However, I did not have any authority over the management of [GCE] at any time. I was incorrectly named as a director with the Texas Secretary of State (believed to be a tax preparer mistake), and I never held position as director of [GCE].
>
> 6) I did not have any authority or management over any [GCE] employees or payroll at any time.
>
> 7) To my knowledge and recollection, I have never spoken with, seen, or been in contact with . . . Espinoza . . . at any time.
>
> 8) I never exercised day-to-day control of [GCE] at any time.
>
> 9) I briefly held an employment role with [GCE] from around May 2020 to around December 2020 on the electrical side of the business (with no management or authority over employees or payroll and no oversight or interaction with the plumbing side of the business, of which . . . Espinoza was a part of).
>
> 10) I had no employment with [GCE] during 2021 or 2022.
>
> 11) I had no knowledge of [GCE]'s payroll practices during the time . . . Espinoza was employed by [GCE] and most certainly no knowledge of . . . Espinoza's hours or pay during the time in question in the instant case.

Dkt. 22-1 at 2–3.

Gonzales argues that any injury Espinoza may have suffered is not fairly traceable to Gonzales because Gonzales was only a minority member at GCE with no management responsibilities or authority over payroll. It is important to note what Gonzales is *not* arguing here. Gonzales does *not* argue that Espinoza has failed to assert an employer-employee relationship for purposes of the FLSA. Such an argument would be analyzed under Rule 12(b)(6). *See White v. U.S. Corr.,*

4

*L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021) (requiring a plaintiff bringing an FLSA overtime-pay claim to plausibly allege, among other things, "that an employer-employee relationship existed during the time that [plaintiff] worked in excess of forty hours per week"). Gonzales's argument is that he did not personally cause any injury Espinoza may have suffered. Causation is an element of standing. Standing is a component of subject matter jurisdiction. As such, Gonzales brings a factual attack on this court's subject matter jurisdiction.

In response, Espinoza advances the conclusory argument that his "lost wages are directly traceable to Defendants' failure to pay" him. Dkt. 30 at 5. But Gonzales has submitted *evidence* showing that Espinoza's concrete and particularized injury is not traceable to Gonzales. After Gonzales launched a factual attack on subject matter jurisdiction, the law compelled Espinoza to "prove the existence of subject-matter jurisdiction by a preponderance of the evidence" by submitting "facts through some evidentiary method to sustain his burden of proof." *Superior MRI*, 778 F.3d at 504 (quotation omitted). Espinoza did not do so. Espinoza, "as the party seeking to invoke jurisdiction, has the burden of proving the facts necessary to sustain jurisdiction." *Harvey Const. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994).

Simply stated, Espinoza's failure to submit evidence in response to Gonzales's factual attack dooms Espinoza's case against Gonzales. Espinoza has not shown by a preponderance of the evidence that his alleged injuries are fairly traceable to Gonzales. Considering the entire record before me, which includes both the Amended Original Collective Action Complaint ("Amended Complaint") and Gonzales's affidavit, I find that Espinoza has not satisfied the causation element of standing as to Gonzales. *See Berger v. Nat'l Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016) ("Under the FLSA, alleged employees' injuries are only traceable to . . . those who employed them." (quotation omitted)). Because Espinoza has not demonstrated this court's subject matter jurisdiction over his FLSA claim against Gonzales, Gonzales must be dismissed.

**B.     ESPINOZA PLAUSIBLY ALLEGES AN FLSA CLAIM AGAINST GCE.**[3]

GCE argues that I should dismiss Espinoza's claims under Rule 12(b)(6) because he has failed to state a claim upon which relief can be granted. The thrust of GCE's argument is that Espinoza's allegations are "non-specific" and "very broad." Dkt. 22 at 6. According to GCE, Espinoza "never specifies what amounts he allegedly was not paid by [GCE] nor when the alleged 'unpaid' overtime occurred nor any significant detail to support his claims." *Id.*

To sufficiently state an overtime claim under the FLSA, Espinoza must "allege: (1) that an employer-employee relationship existed during the time that [he] worked in excess of forty hours per week; (2) that [he] engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due." *White*, 996 F.3d at 309.

In the Amended Complaint, Espinoza expressly alleges that GCE, "a Texas corporation that is covered by and subject to the overtime requirements of the FLSA," failed to pay him "time-and-a-half for any of the overtime hours that he worked for the Company." Dkt. 2 at 3–4. Espinoza further asserts that he "worked over 40 hours in most workweeks that he worked," and that he worked for GCE from August 2020 to October 2022. *Id.* at 4. These allegations are sufficient to withstand scrutiny under Rule 12(b)(6). *See White*, 996 F.3d at 309 (finding the allegation that plaintiff was "paid for her overtime at a rate less than one and one-half times the regular rate at which she was [ ] employed in violation of the FLSA" meets the standard for properly pleading an FLSA violation).

It is true that Espinoza does not state in dollars and cents how much he is due for the unpaid overtime he allegedly worked, but "[s]uch proof is unnecessary at this point." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020) (allegations that "for several pay periods during late August and

---

[3] Gonzales also alleges that Espinoza's claims should be dismissed under Rule 12(b)(6). Because I have determined that I lack subject matter jurisdiction over Gonzales, I need not address his Rule 12(b)(6) motion. I will only consider the Rule 12(b)(6) motion brought by GCE.

September of 2015, [employees] worked 50 to 80 or more hours a week but were not paid fully or paid at all" sufficient to state an FLSA overtime claim (internal quotation marks omitted)). "[T]he allegations [in the Amended Complaint] have put [GCE] on notice . . ., and, with this, [GCE] can easily determine time periods on its own by looking at company records, which it is required to keep by law." *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (quotation omitted) (finding complaint sufficient where plaintiffs alleged that they were non-exempt, worked over 40 hours per workweek, and were not paid time-and-a-half for overtime hours). As such, Espinoza's "underpayment of wages allegations propel [him] past the motion to dismiss stage." *Steen v. Maids in USA*, No. 3:23-cv-00072, 2023 WL 8260894, at *6 (S.D. Tex. Nov. 29, 2023). Dismissal of Espinoza's claims against GCE is not appropriate at this juncture.

## CONCLUSION

For the reasons discussed above, I **GRANT** Gonzales's Rule 12(b)(1) motion, and **DENY** GCE's Rule 12(b)(6) motion. Gonzales is dismissed from this case. Espinoza may proceed with his lawsuit against GCE.

SIGNED this 19th day of September 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE